NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISALIA SALAS GARCIA; et al., | No. 18-73113 |
| Petitioners, | Agency Nos. A208-602-421 |
| v. | A208-602-422 |
| | A208-602-423 |
| | A208-602-424 |
| WILLIAM P. BARR, Attorney General, | A208-602-425 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Isalia Salas Garcia and her four minor children, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In their opening brief, petitioners do not meaningfully challenge, and therefore waive, the agency's dispositive basis for denying asylum and withholding of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Even if not waived, substantial evidence supports the agency's determination that petitioners failed to establish that any harm they experienced or fear in Mexico was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, petitioners' asylum and withholding of removal claims fail.

We do not reach petitioners' contentions regarding whether their past harm rose to the level of persecution. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In their opening brief, petitioners do not challenge the agency's denial of their motion to remand. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED.**